DONALD H. CRAM, III (State Bar No. 160004)
ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 677-5548
Facsimile: (415) 677-5664
Email: bjk@severson.com

Attorneys for Creditor
GMAC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>MARIA D. ACUNA,<br><br>　　　　Debtor(s). | Case No. 09-14114-AJ<br><br>Chapter 13<br><br>Date: 2/8/2010<br>Time: 1:30 PM<br>Judge: Hon. Alan Jaroslovsky<br>Place: 99 South E Street<br>　　　　Dept. A<br>　　　　Santa Rosa, CA 95404 |

**OBJECTION OF GMAC TO CONFIRMATION OF PLAN**

TO THE DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

GMAC (hereinafter "Secured Creditor") objects to the Chapter 13 Plan (hereinafter "Plan") of the above captioned debtor(s) (hereinafter "Debtor") for the following reasons:

**STATEMENT OF FACTS:**

Secured Creditor has a perfected security interest in Debtor's 2008 Saturn Astra, Vehicle Identification No. W08AR671485078848 (hereinafter "Vehicle"), pursuant to a Motor Vehicle Contract & Security Agreement dated **5/9/2009** (hereinafter "Contract") entered into between Secured Creditor's predecessor-in-interest ("Dealer"). A true and correct copy of the Contract is

attached hereto as <u>Exhibit A</u>. Upon execution of the Contract Debtor was obligated to pay Secured Creditor $21,814.31 at an annual percentage rate of 0.00% over 60 monthly payments of $363.57.

The net payoff under the Debtor's Contract, as of the petition date, was $19,632.89 and the Debtor's Plan proposes to value the Vehicle at $12,159.00, payable at 4.25% with a monthly payment of $377.26.

**THE PLAN'S PROPOSED VEHICLE VALUE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the Vehicle value set forth in the Plan fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325. The present payoff under the Debtor's Contract is $19,632.89 and the Debtor's Plan proposes to value the Vehicle at $12,159.00. The Bankruptcy Act effective 10/17/2005 provides that, for purposes of paragraph 5 of § 1325(a), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt consisting of a motor vehicle for personal use by the debtor if the debt was incurred within <u>910 days</u> preceding Debtor's petition date. Debtor executed the Contract for the Vehicle on 5/09/2009, <u>209 days</u> preceding the date of the filing of Debtor's petition on 12/04/2009. Therefore, Debtor's attempt to cram down the value of the Vehicle is in violation of § 1325(a)(9) and Secured Creditor's claim should be allowed in its entirety in the amount of $19,632.89. Therefore, in order to confirm the Plan over Secured Creditor's objection, the Plan must provide for payment of Secured Creditor's claim in the full amount of $19,632.89.

**THE PLAN'S PROPOSED INTEREST RATE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the interest rate of 4.25% set forth in the Plan fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). In a recent ruling by the Supreme Court, the court

held that §1325(a)(5)(B) does not require that the terms of the cram down loan match the terms to which the debtor and creditor agreed prebankruptcy, nor does it require that the cram down terms make the creditor subjectively indifferent between present foreclosure and future payment." *Lee M. Till et ux. v. SCS Credit Corporation, 124 S.Ct. 1951* (2004). The court ruled that the formula approach is the correct method for determining the cram down rate of interest on the secured value of a vehicle being paid through a Chapter 13 Plan. This approach looks to the national prime rate and requires the bankruptcy court to adjust this rate upwards to compensate the creditor for the "greater risk of nonpayment" bankruptcy debtors frequently pose. The factors to review in determining the adjustment to the national prime rate of interest include the estate's circumstances, the security's nature, and the reorganization plan's duration and feasibility.

In this particular case, the Vehicle is a rapidly depreciating asset. Secured Creditor requests that the Court's formula approach should look to the national prime rate, which was 3.25% at the time of Debtor's petition, and adjust that rate upward by at least 3% in order for Secured Creditor to receive 6.25% interest on its claim. This prime-plus rate of 6.25% would compensate Secured Creditor for the greater risk of nonpayment that Debtor now poses.

## CONCLUSION:

WHEREFORE, Secured Creditor respectfully requests that the Court sustain its objection(s) and deny confirmation of Debtor's proposed Plan. Alternatively, Secured Creditor requests the Court order that:

1. The Debtor's Plan be amended to provide for Secured Creditor's claim to be secured in the full amount of $19,632.89;

2. The Debtor's Plan be amended to provide for Secured Creditor to receive at least 6.25% interest on its secured claim from the effective date of the Debtor's Plan;

3. Secured Creditor be awarded its reasonable attorneys' fees and costs incurred in protecting its security interest by objecting to the Debtor's proposed Plan; and

4. Secured Creditor be afforded such further relief as this Court deems necessary and proper.

| | |
|---|---|
| 1 | DATED: December 17, 2009 |
| 2 | SEVERSON & WERSON, P.C. |
| 3 | |
| 4 | By: /s/ Bernard J. Kornberg<br>Adam N. Barasch / Bernard J. Kornberg |
| 5 | Attorneys for GMAC |

(lines 6–28 blank)

17000/1950/778695.1
Acuna 17000-1950      Objection to Plan      page 4